EASTERN DIS.
June, 1832.

LANFEAR *vs.* MAYOR ET AL.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

LANFEAR
*vs.*
MAYOR ET AL.

The ordinance of the Corporation of New-Orleans, which authorizes a sale, under the orders of the Mayor, of property which is suffered to remain on the levée for a longer time than the police regulations of the city permit, is not within the powers vested in the corporation, nor could such power be constitutionally conferred.

The corporation have a right to remove encumbrances on the levée at the expense of the proprietor.

The defendants, by virtue of an ordinance of the City Council, having caused to be sold a quantity of tile which the plaintiff had suffered to remain on the levée beyond the time permitted by the police regulations, this action was brought to recover its value, and from a judgement in favour of the plaintiff the defendants appealed.

PORTER, J., delivered the opinion of the court.

An ordinance of the corporation of New-Orleans authorizes a sale, under the orders of the mayor, of all property which is suffered to remain on the levée for a longer time than the police regulations of the city permit. This case presents for decision the questions, whether a sale so made is within the powers vested in the corporation? and if it be within these powers, whether they could be constitutionally conferred?

The act of incorporation enables the mayor and aldermen to make all by-laws and ordinances for the government of the affairs of the city and the regulation of its police, with a proviso, that they shall not be in opposition to the provisions contained in the constitution of the United States. The power conferred by the city ordinance in question makes the corporation judges and parties in the same cause, and enables them to enforce a forfeiture and divest the owner of his

The ordinance of the Corporation of New-Orleans, which authorizes a sale, under the orders of the Mayor, of property which is suffered to remain on the levée for a

The corpo-
ration have a
right to re-
move encum-
brances at the
expense of the
proprietor.

property without trial in due course of law. We are of opinion that no such power is conferred by the act of incorporation, and that none such could be constitutionally conferred. The case on the argument was assimilated to the authority exercised by the corporation in removing nuisances, but they are in our judgement widely different. The power to abate a nuisance is shared by the city in common with individuals. It arises from necessity, and ceases with that necessity. The officers of the corporation in this instance might have removed the encumbrances on the levée at the expense of the proprietor, and they could have resorted to the courts of justice to recover these expenses and the fine imposed by their regulations; but there was no necessity, nor had they any authority to proceed as they did in this case.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Parish Court be affirmed with costs.

*Moreau*, for appellants.    *Sterrett*, for appellee.